Case number 18-1671, U.S.A. v. Tracey Smith-Kilpatrick, 18-17-08, U.S.A. v. Jacqueline Wilson, which is to be submitted on the briefs. Oral argument is not to exceed 15 minutes per side. Mr. Graham for the appellant. Good morning, your honors. May it please the court, my name is Scott Graham on behalf of Ms. Smith-Kilpatrick and with the court's permission I'd like to reserve three minutes for rebuttal. Very well. Tracey Smith-Kilpatrick was convicted of various drug offenses based upon two primary categories of evidence. One being the testimony of cooperating witnesses or witnesses who alleged they were involved in a conspiracy and implicated Ms. Smith-Kilpatrick. And the second category being records that were purported to be business records and over which there was a controversy at trial. And I'd like to discuss issues relating to the records today with the time that I have. We believe that it was error to introduce these records under Rule 8036 because they became testimonial when the government sought to link Ms. Smith-Kilpatrick to the various transactions described in the records. Can I ask a clarification question? Are you raising a confrontation clause claim, a constitutional claim, or are you raising a, it was error under the elements of 8036, so kind of a rules-based claim? Both, your honor. Both, your honor. We're beginning point We certainly understand what 8036 says, but when in fact, when in fact the government sought to say, okay, I've got a piece of paper that has the name Tracey Smith-Kilpatrick, and that's the person that you see sitting in this courtroom, and they were engaged in these transactions, but they don't have a chance to cross-examine about the accuracy of the names, et cetera, that's flat out. Well, what do you do, I guess, starting with a constitutional claim? Melendez-Diaz, which strikes me as potentially your best Supreme Court case, clearly has carve-out language for business records and says business and public records are generally admissible absent confrontation, not because they qualify under an exception to the hearsay rule, but because having been established for the administration of an entity's affairs and not for the purpose of establishing or proving some fact at trial, they are not testimonial. I assume that these records were not created for this trial. They were just the ordinary business records of the telephone company or the car rental company or the hotel. So how do you distinguish your case from that language in Melendez-Diaz? Your honor, I would say, I would distinguish it in this way. If in fact there is a general, if you will, carve-out for these records kept by, say, MoneyGram, for example. MoneyGram's got a name, Tracy Smith Kilpatrick, sent $1,000. That's what their business records say. If there is language that might be a carve-out, my position here today is that that carve-out is inappropriate in a case where the government seeks to make Ms. Smith Kilpatrick a targeted, if you will, a targeted individual, as the term is sometimes used in the cases, a targeted individual to be linked to that record. And so there are times when, my position would be there are times when, if you're going to make that link, that the business records exception and any potential carve-outs simply don't apply. So is your test, it's not the creation of the record or what the record was originally intended for, but if you use the record in a way that makes it testimonial, that somehow turns a record that was otherwise non-testimonial into testimonial? Yes, your honor. That's my argument. My argument is that because in fact here you've got, again, a name. The name says Tracy Smith Kilpatrick. The name could say Scott Graham. The point is you put it before. But wouldn't that kind of eliminate these exceptions? Because every time you introduce evidence at trial, that's the point of introducing the evidence. Every business record, you're introducing the business record to presumably inculcate the defendant. So what room is there left for a business record exception if we adopt your view that it's not the creation of the record, but the use of the record that is determinative for whether it's testimonial? I think there's a very simple way for the government to be able to use the evidence. In this case, again, MoneyGram, for example. Each MoneyGram transaction occurred from a specific sending location to then a specific pickup location. We know that there's video of everything that happens at a MoneyGram location. There is the testimony of someone who might remember Ms. Smith Kilpatrick, who might say, in fact, she came in, she sent the $1,000. If that evidence is introduced along with the record, that would let me confront and cross-examine that person about whether it was really the defendant who came in and if we extend it with corroborating evidence from the actual source, then certainly it could be confirmed with business records. But the confrontation would occur when, in this case, I sought to cross-examine that person to show whether or not it was actually Ms. Smith Kilpatrick. That didn't happen here. So is your beef here that her name was mentioned in the record? It's not that it was mentioned in the record. My beef is that when her name is mentioned in the record and then the government says, her name is here, she's sitting here, it's automatically the same person. But suppose they'd had a record that mentioned other names in the conspiracy, but didn't mention hers. Would that record be admissible in the trial against your client? Your Honor, it's possible that it would be. As I stand here right now, I'm trying to think, how would I have a right to challenge other names and other evidence as opposed to the specific evidence drawing in my client into this? And I'm having a little harder time thinking that I have a right to challenge that as opposed to what I have a right to challenge with my client. So I'm sorry to not answer the question directly, but I guess it might be it'd be easier to admit that. But then again, I'm dealing with what happens with Ms. Smith Kilpatrick and that automatic link. It's the automatic link. It's the government saying, her name is there, she's there, it's her. Well, that's a connection, though, that the jury ultimately has to make. It seems throughout there's more than one place where you might call it the imposter theory is offered that it could be somebody else. But actually, that seems to me to be more of a relevance objection than it does to the admissibility of the document under the hearsay exception. And that's, of course, part of our argument as well. Basically, our argument, I think, goes at three levels. One, the confrontation clause. Second, the Rule 8036. And then the Rule 401 argument regarding relevance. If, in fact, there is no, and that gets back to this question I described, what could happen if someone from a MoneyGram location said, I saw Ms. Smith Kilpatrick and she sent a MoneyGram. But if, in fact, there is no such evidence, then from my perspective, it's not relevant. It's not relevant. And not only is it not relevant, but the potential harm is so great, is so great, that I believe that there's also actually a 403 objection as well. But doesn't that apply across the board? If you were using a telephone that was registered to someone and they called somebody, that person could always say, yes, that's my phone and that call was made, but I didn't make the call. But doesn't that sort of become a jury argument at that time rather than an admissibility argument? Well, Your Honor, I believe that there is, as a practical matter, there's a distinction between a telephone number, something that only bears a number and the actual name. Because once, because it's the practical effect in front of a jury, the name is there, she's there, it must be her. As opposed to a phone number that's simply a number and we all, it's easy to argue to a jury, well, someone picks up that phone and makes the call. It's different when they actually put a name to a transaction and then they put a face to the transaction because the defendant is sitting in the courtroom. However, my position still is regarding relevance, that it's not relevant if, in fact, they don't bring in somebody to say, I was there, she sent the transaction. So it sounds like you want somebody who has actually witnessed the transaction, so you're not challenging the fact that these documents were self-authenticating with an affidavit just certifying the records, that if that affiant had actually testified at trial, you'd still object because the affiant wouldn't have the personal knowledge that you claim is needed to. That would be my objection. And I would say that for the purpose of self-authentication, because these are, at least start out as a general business record, the beginning here, the huge data dump does include all sorts of phone calls, eventually calls are culled out because of the name, because of numbers, et cetera. I'm not doubting that they started with the records for each of the entities. It's just, from my perspective, in certain cases they need to do more. Now, in terms of the question of how difficult this would be for the government and how practical it might be, I don't know that we would necessarily have to produce a, the government would have to produce a witness to say, I was there and she made the transaction. Again, everything is videoed. I mean, these are money handling spots. You introduce the video that shows her on a certain date and time in there doing the transaction, I think that's probably as a matter of authenticating the video and I don't think there would be a real substantial challenge to that. But it's some way or some way, at least one transaction out of the dozens and dozens here that were so important, just one, a video, a witness, things of that sort. So that's what my argument is again. What's your best case for saying the Confrontation Clause imposes this additional requirement beyond the business records exception? I don't think there, I think, I go back to Crawford because I think that even though some cases, Melendez-Diaz and others have discussed it, and Williams, I'm not sure I know exactly what Williams means, but I go back right to Crawford. It's testimonial. It's testimonial and so that's my best case, Your Honor. Well, these are very valid arguments and you did a good job raising them, but they have to be viewed against the backdrop of some very damaging testimony by people involved in the conspiracy. I know you challenged that because they had other motives and so forth, but if the jury accepts all of that testimony from the people that were involved in this, you hardly need any of these records. I agree, Your Honor. However, these are highly flawed witnesses and when they come in and they tell a story and there's nothing to corroborate them, it's a completely different world. That's an argument that's made about in every criminal case that I ever tried when I was a district judge. It is, but I think it's valid in this one, Your Honor. Thank you. Thank you, Mr. Graham. Good morning. May it please the Court. Tanya Long, United States. I'd like to start with a confrontation clause issue here. There is no confrontation clause issue here. These business records are not testimonial. Even if you accept the defendant's argument about whether they were admitted properly under the business records, government is asserting that they were, but if we put that aside for a moment, even if they were entered in error, there is still no confrontation clause issue here because none of these statements in these records are testimonial. Now if we go back to Crawford, what we learned from that case is that statements are testimonial when the declarant has a reason to be testifying against the witness. So if we look at the Collins case, which was this Court's case, it tells us very clearly that for a statement to be considered testimonial under the confrontation clause, the declarant must have intended to bear testimony against the accused. And if we look back at the Collins case, I believe that was one of those meth check cases where the pharmacy had to keep records under law about who was coming in and buying pseudo-phedrine to make sure that they were not exceeding the legal limits. And so the defendant in that case argued that one, these were not business records because they were being kept for law, not for business purpose, but also that because the clerk who was entering the information knows that this is about a law and about prosecuting people for buying too much pseudo-phed or for creating meth, that this was testimonial. And this Court rejected that and found that the statements of the name of the person who was buying the pseudo-phed was not testimonial, that there was not a Crawford issue in that case. What do you, I understand the distinction between what's the point of the creation of the document and if it's created for a non-trial related purpose, then it should not be considered testimonial. That seems to cover, at least if that's the rule, would cover a lot of the business records. I'm kind of interested in the certification though, because the certification was an affidavit and it's kind of perfunctory, but at this, you know, these are the business records of the company. They're kept in the ordinary course and that affidavit itself, you would concede is, at least would fall within the testimonial side of the definition, wouldn't you? Because the affidavit, the point of the affidavit was to present it to a court to self-authenticate the document for trial. So what are we to make of the fact that, setting aside the business records themselves, the affidavit, the fact that somebody provided an affidavit, a certification, rather than testifying at trial, does that suggest there should be a distinction here? Should we be worried about this affidavit as testimonial? The court should not be worried about that. I apologize. I can't quite recall which case it is, but I believe it was one of the Supreme Court cases after Crawford. I don't recall what the case was, but I'm fairly confident that there was a case dealing with this exact issue and finding that this type of an affidavit that just meets the business records exception is admissible and is not testifying. So Melendez-Diaz has language in it to the effect of, if all you're doing is certifying the record as a record of a company, then that might fall within an exception. I don't know that it was a holding. It was more responding to the dissent in the case. Do you think that these records, though, do more? I mean, when we looked at the exhibits, the exhibits were, you know, Excel spreadsheets and seemed somewhat complicated. Somebody had to have culled that information out of the general business records. If I was a defendant, I could see some amount of wanting to cross-examine the person who provided these records to us to make sure that the defendant went through the right process. But the records that relate to my phone or my car rental, do you think that matters at all? Well, that's not the issue that was raised in this case. And I will note that the reason that we followed the procedure that we do, that we put forth the notice of the intent to rely on these records and to admit them through the self-authenticating affidavit, is to allow the defense to raise an objection at that time before trial. So at that point, the government has time to track down that witness and bring them to trial. When the argument is raised at the last minute, it makes it a lot more difficult. And I believe that, you know, administrating all of these things when there's not an issue, not a question of whether these are actually the records, that is the point of allowing these self-authenticating records and making an exception to the confrontation clause for that. So I don't think that that's applicable here. But I think that that would come in under 803.6e if a defendant wants to raise a trustworthiness problem with the records, then that can happen before trial. Was that challenge raised in this case, the 806 or 803.6e challenge? Was that raised? Your Honor, honestly, I'm not sure because of the way that the objections were made here. I think that there's been a shift in what we're arguing about here. Is it confrontation clause? Is it trustworthiness of the records under 803.6e? Is it some different authentication argument? Is it relevant? And I think it's all kind of been lumped together into one. I think the best way to analyze this issue that the defendant has raised is under 803.6e, where it's the defendant's burden to show that these records are not trustworthy for some reason.  First of all, these are bread and butter business records. I want to distinguish the Facebook cases that have been raised because these are records of transactions with the company about the company's core business. So what does a rental car company do? It rents cars to people. And this is a record of transactions where the defendant or somebody using the defendant's name rented cars. So for that reason, these businesses are relying on these records in a way that Facebook never has to rely on who is posting a photo or who is having a third-party conversation through the forum that it has created. Here, Avis needs to know who it's renting its cars to because it's responsible to make sure it's not putting cars out on the road with unlicensed drivers. Also note that there is additional evidence corroborating the identity of Ms. Smith Kilpatrick in this case. And part of that, we can look to the records themselves and see, particularly in the rental car records, that if you look at the exhibit, not only is her name listed, but her driver's license number is also there. And if you look at the exhibit from the Secretary of State showing that she had registered two cars that were used in the course of the conspiracy, then you'll also see the same driver's license number listed in the official record of the Secretary of State. So not only was her name presented to the rental car company, but also her driver's license number, her correct driver's license number. Is there anything in the record of her driver's license or any ID being shown to the hotel? There is not, Your Honor. There is no independent evidence of that. Now I think that the court was able to use its common sense and common knowledge that the first thing that happens when you check into a hotel is they ask for your driver's license and your credit card. But beyond that, we also have evidence that Ms. St. Vincent met with the defendant at that hotel around that same date. So I think there's really, if there's any error there, it's harmless because the same So there's additional corroborating evidence for the other records in this case. If we look beyond the records themselves, we can see that for the money grams, we have Mr. Cooley testifying that he sent, that he wired money through Walmart to Ms. Smith Kilpatrick. That's reflected in the records. And we also have a receipt found at one of the drug houses which shows a money gram from Kevin Willis to Ms. Smith Kilpatrick. What's the significance of any of the fact that some of the money grams didn't show the recipient? Well, Your Honor, the ones that didn't show the recipient were the ones that were sent by Ms. Smith Kilpatrick. So the ones that came to her reflected her as the recipient. There was a separate exhibit that the recipients were not listed. Even if that was error, it's the most harmless error that can be because it just does not tell us anything. At most, it tells us that Tracy Smith Kilpatrick was familiar with the money gram system. It forms a basis for her arguing she could have been paying a phone bill. Yes. There's really, I mean, it's not prejudicial because there's nothing to rebut her argument that she might have been paying the phone bill with that record. And I believe that record was not really, besides being admitted, shown to witnesses or discussed at length. The records that were discussed at length were the ones that she received. There was testimony that they were coming from members of the conspiracy and that that was drug money that was being funneled back to Mr. Wilson. So any error in admitting these records is harmless given the volume of the evidence at trial where the co-conspirators directly implicated Ms. Smith Kilpatrick. And when it comes to corroboration, the co-conspirators are corroborating themselves because there's not just one co-conspirator here. This is not a case where one person came in and pointed the finger at the defendant and all we have is that testimony and then a few records that maybe shouldn't have been admitted. What we have here, I want to make clear, I'm not arguing they shouldn't have been admitted, they were properly admitted, but putting that aside, we have multiple co-conspirators from all stages of this conspiracy. From when it first started to the very end, we have Brandy Rupright who has testified to showing up at the defendant's house and packaging crack cocaine with her right alongside James Wilson who was packaging the heroin. We have Mr. Cooley who described discussions that he had with Ms. Smith Kilpatrick about getting crack cocaine from her and she was not going to pay him for the crack cocaine he sold for her because she had brought up heroin for him and so it was a quid pro quo. We have testimony from Ms. St. Vincent at the hotel in St. Ignace where the defendant gave her a condom full of heroin to transport. We have more than the records, we have more than enough evidence here that this was harmless if there was any error. If there are no further questions, I'll rest on the briefs and ask this court to affirm. Thank you, Ms. Long. Judge Bush, to try to answer your question, you posed a question to the government about whether or not the defendant raised the issue. I believe that the defense did. I believe that that, and I'm sorry I don't have the page ID number, it's at the very end of volume three and the beginning of four which is where there was the ultimate discussion and the ruling by the trial court regarding that. The government uses a phrase that to me is absolutely key and supports the defense position. The government says it's either Ms., her name's there, so it's either Ms. Smith Kilpatrick or somebody using the defendant's name. My whole point is just one time, one time, produce a piece of evidence that shows it's her. One time out of all these transactions, from the hotel, you know there are hotel videos, MoneyGram, Western Union, Rental Car, there are videos everywhere and never once, never once is any evidence produced. So my whole point is that the name combined with the defendant's presence combined with the automatic link is the gist of where I'm coming from and to the extent that there is no link between them, there is no relevance in the evidence. But on some of those things there was at least a form of corroboration in the sense that some of the co-conspirators testified relative to, they were using certain of the Walmarts, for example, repeatedly to carry out these transactions and whatnot. And it was from those Walmarts that the MoneyGrams and whatnot initiated that had her name on them. Had her name on them, Your Honor, but either to her, from her, but where is she? She's going to be in a physical location if she did it and it's never produced. So what we have are her name, her name used freely, her name used to her detriment, and the corroboration does come from the co-conspirators. Circumstantial evidence will support a conviction in and of itself. It could, it could, Your Honor, and I was simply making the point that there's just a huge difference between cooperator testimony and then the records. So that would be my point. So I thank the Court and I request the Court to reverse her conviction. Thank you. Thank you. Thank you to both counsel. The case will be submitted for decision.